Texas & Pacific Railway Company v. Henry Owens

Decided May 7, 1904.

**1.—Railroads—Killing Stock—Private Gate in Right of Way.**

Where the railway company had put a gate in its right-of-way fence for plaintiff's use alone, and under an agreement that he was to keep it closed and in repair, and there was evidence to the effect that plaintiff's mule, killed on the track, may have entered on the right of way either through a defect in the fence or through the gate, left open and out of repair, it was error for the charge to make the company liable if the mule entered through the gate by reason of want of repairs.

**2.—Same—Contract Limiting Liability.**

A railway company in contracting with reference to a private gate in its right-of-way fence and for immunity from damage resulting from the land owner allowing the gate to get out of repair, is not contracting in its capacity as a common carrier, and such contract is valid.

Appeal from the County Court of Parker. Tried below before Hon. D. M. Alexander.

*H. C. Shropshire,* for appellant.

*Preston Martin,* for appellee.

SPEER, Associate Justice.—Henry Owens recovered a judgment against the Texas & Pacific Railway Company for the value of a mule, alleged to have been negligently killed by the company The negligence alleged consisted of failure to keep in repair the right-of-way fence and gate which separated Owens' farm from the railroad track. The company answered pleading specially a contract with Owens, whereby it placed a gate and private crossing upon its right of way for his benefit, and wherein he undertook to keep said gate in good repair and to keep the same shut. The appellee's mule escaped from his farm either, over the right-of-way fence or through the gate, there being evidence from which the jury might have found either.

In submitting the case to the jury the trial court charged as follows: "Now if you believe from a preponderance of the evidence in this case that plaintiff's mule was killed by defendant's engine or train as alleged, and that defendant's track was fenced at said place, and you further believe that said fence or gates were so defective at or about said place that it would not keep out ordinary stock, and that defendant had not used ordinary care to keep said fence in repair, and you further believe that said mule entered upon the right of way through said defective fence, or through defects in the gate, the same being closed, then you will find for plaintiff Owens the reasonable market value of said mule."

The assignment complaining of this charge must be sustained. It clearly makes the appellant liable for the value of the mule if it entered through the gate by reason of want of repair. The contract pleaded by appellant upon this issue provided: "It is expressly agreed that said crossing shall be a private crossing, and shall be used only for the

private use and convenience of the party of the second part (Owens), and shall in no case be considered a public crossing. The party of the second part agrees that he will at all times keep said crossing and gates in proper and good repair at his own expense and cost, and said gates shut." The evidence was undisputed that the gate was in bad repair, so much so that stock could pass through while the gate was shut. In view of this we think the law is, that if the animal enters through the defective gate the appellant would not be liable. The court recognized that if the animal entered through the open gate the company would not be liable, and so charged the jury, but we know no reason why the company could not enter into such a contract with the owner of property adjoining its right of way as is here shown. The contract is in no sense a contract limiting its liability as a common carrier, but is with respect to a matter in which the company may limit its liability.

In Missouri, Kansas & Texas Railway Company v. Carter, 95 Texas, 477, as an illustration of the proposition that a railroad company, when not contracting in its character of common carrier, has the same right of contract as other corporations or persons, even to the extent of making contracts for immunity from liability on account of negligence, it is said: "For example, in case of a failure to fence the right of way, when by contract released from damages on account of injury to or killing stock in consequence of such failure, the courts have held generally, that such contracts are valid to the extent of the interest of the adjacent land owner."

It is contended by appellee that the preponderance of the evidence shows that his mule entered over a defective fence. This may be true, but inasmuch as there is evidence in the record tending to show that the animal entered onto the right of way through the defective gate, and inasmuch as the court charged upon this issue, the charge should have been as we have indicated, that is, if the mule entered through the gate at all, the company is not liable. The special charge requested by appellant upon this issue may not be wholly correct, but we think the charge of the court quoted is itself positively erroneous, so much so as to require the reversal of the judgment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*